MEI LAN CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.

No. 04–6113–ag.

United States Court of Appeals, Second Circuit.

May 26, 2006.

David X. Feng, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**58**

Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

Present: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mei Lan Chen, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Elizabeth Lamb's decision denying her applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, when the agency's analysis proves inadequate for this Court to review, we must remand to the agency for further consideration. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003).

Here, the IJ failed to address adequately whether Chen had articulated a particular social group, political opinion, or other protected ground for relief, simply stating without further analysis that she had failed to state a basis for asylum. Because this Court may not decide in the first instance whether Chen, a young Chinese woman who alleged that her village chief tried to force her into a marriage against her will, articulated a particular social group, and the agency's findings on this issue are inadequate, we remand to the agency for detailed consideration of this issue. *See Gonzales v. Thomas,* — U.S. —, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (per curiam). On remand, we direct the agency to address whether the members of this alleged group fall within the BIA's definition of "particular social group" articulated in *Matter of Acosta,* 19 I. & N. Dec. 211, 233, 1985 WL 56042 (BIA 1985), and whether Chen established that she would be persecuted on account of such status.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings. Having completed our review, any pending motion for a stay of removal in this petition is DENIED as moot.